# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:18-CR-00045-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>DAVID DEANGELO MCNEIL, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the pro se Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 24). For reasons discussed below, Defendant is ineligible for relief under the Act, so his motion is denied.

On August 3, 2010, Congress enacted the Fair Sentencing Act, which was created "[t]o restore fairness to Federal cocaine sentencing." Pub. L. 111-220 (2010). Relevant here, Section 2 of the Fair Sentencing Act "reduce[d] the sentencing disparity between crack cocaine offenses and powder cocaine offenses by lowering the crack-to-powder ratio from 100-to-1 to 18-to-1." United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013). "Additionally, the Fair Sentencing Act eliminated the mandatory minimum sentence for 'simple possession' of cocaine base." United States v. Wirsing, 943 F.3d 175, 178 (4th Cir. 2019), as amended (Nov. 21, 2019).

Initially, "those defendants who were sentenced before August 3, 2010 and whose applicable Guideline range was not lowered by one of the Guidelines amendments continued to have no way to access the benefits of the Fair Sentencing Act." Id. at 179. This is despite the fact that "excluded individuals . . . almost certainly would have faced a different sentence if they had been charged, convicted and sentenced after the Fair Sentencing Act." Id. To remedy this, in December 2018, Congress enacted the First Step Act, which provides that the "court that imposed

a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b) (2018).  The Act further clarifies that a "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a) (emphasis added).  Finally, the Act emphatically states that "no court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." Id. § 404(c); see Wirsing, 943 F.3d at 186 (recognizing that defendants are broadly eligible for relief unless "excluded pursuant to the express limitations in Section 404(c)").

Here, Defendant was sentenced on November 29, 2018—well-after Sections 2 and 3 of the Fair Sentencing Act were enacted.  (Doc. No. 22).  Defendant is therefore ineligible for a sentence reduction under the pertinent provisions of the First Step Act.  See United States v. Shakellwood, No. 7:16-CR-63, 2019 WL 5814942, at *2 (E.D.N.C. Nov. 6, 2019).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 24) is **DENIED.**

Signed: March 12, 2020

Max O. Cogburn Jr
United States District Judge