UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-45-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DAVID DEANGELO MCNEIL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Letter Motion to Receive Jail Credit, (Doc. No. 27), in which he states that the Bureau of Prisons has failed to give him credit for his pre-sentence incarceration.

Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that the Attorney General (through the Bureau of Prisons) is responsible for computing credit under § 3585(b). Id. at 334-35. The Wilson Court made clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. While the court may include an instruction in its order that a defendant be given credit for any time served, only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

If petitioner is dissatisfied with the decision rendered by the BOP under § 3585(b), he must first exhaust his administrative remedies. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 **in the district of confinement**. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS ORDERED** that defendant's Letter Motion to Receive Jail Credit, (Doc. No. 27), is **DENIED** without prejudice.

Signed: May 28, 2020

Max O. Cogburn Jr
United States District Judge