UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-45

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DAVID DEANGELO MCNEIL, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Pursuant to FED. R. CRIM. P. 32.1(b) for Lack of Probable Cause and to Review Magistrate Judge Order, seeking dismissal of the magistrate judge's order finding probable cause to support violation No. 1 of Defendant's supervised release violation. (Doc. No. 41). Defendant also brings a Motion to Strike Document 42-2, (Doc. No. 43), which the Government attached to its Response to Defendant's motion to dismiss.

## I.  BACKGROUND

Defendant pled guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) on July 6, 2018, for an offense occurring August 22, 2017, August 30, 2017, and September 26, 2017. (Doc. No. 22). Defendant's supervised release began November 3, 2022. (Doc. No. 33). Around four months later, on March 24, 2023, the United States Probation Office filed a petition alleging two violations:

1. **NEW LAW VIOLATION** (Date violation concluded: 3/20/2023).

The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime." Specifically, on March 20, 2023, the

1

defendant feloniously broke and entered a building located at 1816 Remount Road, Apt. D, in Charlotte, North Carolina, with the intent to terrorize or injure Liquetta Gwenyanna Jones, who was an occupant of the building. The defendant was subsequently charged and arrested for Break/Enter Terrorize/Injure (23CR262030) by the Charlotte Mecklenburg Police Department on March 21, 2023. As of the date of this petition, this charge is pending in Mecklenburg County District Court. (Grade B violation)

2. **NEW LAW VIOLATION** (Date violation concluded: 3/20/2023).

The defendant has violated the condition of supervision that states, "the defendant shall not commit another federal, state, or local crime." Specifically, on March 20, 2023, the defendant assaulted Liqueeta Gwenyanna Jones, by grabbing her neck with one hand and pushing her back. The defendant was subsequently charged and arrested for Assault on a Female (23CR262030) by the Charlotte Mecklenburg Police Department on March 21, 2023. As of the date of this petition, this charge is pending in Mecklenburg County District Court. (Grade C violation).

Defendant was arrested, and a preliminary hearing was held in accordance with Federal Rule of Criminal Procedure 32.1(b)(1) before Magistrate Judge David C. Keesler on April 5, 2023. Magistrate Judge Keesler heard testimony, received exhibits including photographs and audio recordings of jail calls, and found that probable cause existed to support Violation 1 as alleged in the petition.

The evidence before the magistrate judge included evidence that on March 20, 2023, someone kicked down a door of a residence where Defendant had sometimes stayed with his girlfriend Liquetta Jones and her minor children. Specifically, Detective Dustin Smith testified that he observed a severely damaged door to the apartment on Remount Road. (Gov't's Ex. P1–P6). The nature of the damage indicated a forceful and violent entry. The door itself was split or cracked lengthwise, the deadbolt was engaged in the locked position, and there was damage to the wall where the doorknob struck it. (Gov't's Ex. P1). The frame surrounding the door was completely ripped off the doorway and in pieces inside the apartment. (Gov't's Ex. P2, P3, P4). Two shoe prints were clearly visible on the exterior of the door, and the door itself was cracked near the door handle. (Gov't's Ex. P5).

The magistrate judge was also given an opportunity to compare the shoeprint on the broken apartment door to an image of the shoe Defendant was wearing. (Gov't's Ex. P6). Detective Smith testified that he spoke to Defendant, who told the detective he, Defendant, had been in an altercation on Remount Road. Defendant not only denied breaking into the apartment, but also blamed a child for the conduct. (Tr. p. 16).

The Government also presented recordings of jail calls between Defendant and his girlfriend Jones. The Government argued that in those jail cells calls, Defendant tacitly agreed that he was the person who kicked in the door. Probation officer Jerusha Marsh testified that, at the time of the violation, Defendant did not live at the apartment on Remount Road, but instead resided at a location on Avalon Avenue. (Tr. p. 28). She further testified that she reviewed Defendant's calls immediately after his arrest and that, in his first call, he told someone identified as "pops" that he was going to hurt "them" upon his release from jail. (Tr. p. 29). Additionally, Marsh testified that Defendant did not report the incident that led to his arrest as he was required to do. Moreover, in a jail call, Defendant said to Jones, "Man 'Quetta you gonna help me get out of here before my [probation officer] get a hold of me, man?" (Gov't's Ex. P7, Call 6 0:53).

Defendant's witness, Liquetta Jones, also testified at the hearing. Jones confirmed that Defendant was not living with her and her children at the apartment on Remount Road at the time of the incident. (Tr. p. 58). Jones went on to describe that Defendant has an ongoing conflict with at least one of her minor children. (Tr. p. 58–62). Jones testified that six minor children were in the apartment when Defendant kicked in her apartment door. (Tr. p. 65). Jones testified that Defendant has threatened to kill her and her children, but she stated that she doesn't take him seriously. (Id.). Jones testified that she came downstairs, the door flew open, and Defendant

3

wrapped his hands around her throat. She further explained that her minor child, who witnessed the physical struggle between his mother and Defendant, intervened. She testified Defendant then engaged in a physical fight with that minor child. (Tr. pp. 67–68, 70).

Finally, the magistrate judge had before him evidence that Defendant's criminal history is lengthy and demonstrates a long standing and persistent inability or refusal to comply with court orders. (Doc. No. 33). Defendant has been revoked from probation, parole, or supervised release at least seven times.

Based on the above evidence, the magistrate found that probable cause existed to support Violation 1 as alleged in the petition. After the magistrate judge found that probable cause existed to support Violation 1 as alleged in the petition, the magistrate judge moved immediately into the detention hearing and concluded that Defendant failed to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Accordingly, Defendant was ordered detained. Defendant now challenges the magistrate judge's findings.

## II. STANDARD OF REVIEW AND DISCUSSION

The Court first addresses Defendant's motion to strike Doc. No. 42-2. Defendant contends that this document, which purports to be a partial transcript of brief portions of audio recordings, should be stricken because it was not admitted into evidence at the hearing, and it has not been certified by any court reporter or transcriber. Defendant's motion to strike is granted, and the Court will not consider Doc. No. 42-2 in reviewing the magistrate judge's decision.

Next, Defendant seeks this Court's review of the magistrate judge's finding of probable cause under FED. R. CRIM. P. 59(a). This Court may review a finding of probable cause at a preliminary hearing by a magistrate. United States v. Brigham, 569 F.3d 220, 224–29 (5th Cir.

4

2009). This Court's review of a magistrate judge's findings is conducted de novo. This Court may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instruction. FED. R. CRIM. P. 59(b)(3).

Probable cause is an objective standard that is met when the facts and circumstances would lead a reasonable and prudent person to believe a defendant has engaged in the alleged criminal activity. See United States v. Gray, 137 F.3d 765, 770–71 (4th Cir 1998). Facts and circumstances establishing probable cause are not the same the evidence required to establish guilt beyond a reasonable doubt or even meet the standard of a preponderance of the evidence. Illinois v. Gates, 462 U.S. 213 (1983). Instead, probable cause is a determination of probability based on totality of circumstance. Id.

The Court finds that the evidence supported the magistrate judge's finding of probable cause as to Violation 1. The magistrate judge clearly considered each person's credibility, and he clearly found Defendant's explanations to be not credible. The magistrate judge heard testimony live and was able to judge credibility and appropriately weigh the evidence.

Here, the fact that Defendant did not live at the apartment on Remount Road, the violent nature of the break-in suggested by the damage to the door and its frame, the shoeprint on the door matching the shoes worn by Defendant, Defendant's denial of kicking the door, and his incredible assertion that the act was instead committed by a child, would all lead a reasonable and prudent person to believe Defendant broke into the Remount Road apartment, did not have consent to do so, and did so with an intent to terrorize or injure someone therein.[1]

---

[1] Defendant objected to some of the evidence at the hearing as "hearsay," but a court may consider hearsay at a probable cause hearing on supervised release violations if the evidence is reliable. See, e.g., United States v. Hicks, 722 F. Supp. 2d 829, 836 (E.D. Mich. 2010) ("[T]he Court may consider hearsay at a revocation hearing if such evidence is proven to be reliable.");

Finally, Federal Rule of Criminal Procedure 32.1(a)(6) places the burden on Defendant to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Defendant failed to carry his burden; therefore, the magistrate judge correctly ordered him to be detained. This Court finds that the magistrate judge correctly found that Defendant poses a substantial danger to those around him, especially Liquetta Jones and her minor children. The Court denies Defendant's motion for relief and affirms the magistrate judge's finding of probable cause.

**ORDER**

For the reasons stated above, Defendant's Motion to Dismiss Pursuant to Fed. R. Crim. P. 32.1(b) for Lack of Probable Cause, Motion to Review Magistrate Judge Order, (Doc. No. 41), is **DENIED**, and the magistrate judge's finding on probable cause is **AFFIRMED**. Furthermore, Defendant's Motion to Strike Document 42-2 (Doc. No. 43), is **GRANTED**.

Signed: June 9, 2023

*[Signature]*
Max O. Cogburn Jr
United States District Judge

---

United States v. Left Hand Bull, No. CR 05-30106(01)-CBK, 2009 WL 2030544, at *1 (D.S.D. July 13, 2009) ("Exhibits 3, 4 and 6, while arguably testimonial hearsay, are nonetheless admissible for purposes of determining probable cause at a preliminary hearing on a supervised release revocation petition.") (citing Fed. R. Evid. 1101(d)(3) (noting that, except for privilege, the Federal Rules of Evidence do not apply to "miscellaneous proceedings such as . . . granting or revoking probation or supervised release").